BANQUE MELLIE IRAN, Plaintiff, *v.* YOKOHAMA SPECIE BANK, LTD., et al., Defendants.

Supreme Court, Special Term, New York County, May 23, 1946.

*Allen T. Klotz* and *Walter J. Holza* for plaintiff.

*Edward Feldman, Henry L. Bayles* and *Daniel Gersen* for Superintendent of Banks of the State of New York, defendant.

DINEEN, J. Plaintiff, an Iranian bank, brings this action against a Japanese bank and against the Superintendent of Banks who is engaged in liquidating the business of the Japanese bank in this State. Plaintiff remitted various sums of money aggregating $116,162.27 to several branches of defendant bank located in different cities in Japan for the purpose of opening credits to be used in the purchase and shipment of goods from Japan to plaintiff's customers in Iran. The remittances were made through the New York agency of the Japanese bank in 1941 before the outbreak of war between the United

States and Japan. The credits were limited in time and were not used within the time fixed and it is undisputed that the Japanese bank thereupon became obligated to plaintiff to refund the moneys which had been remitted to it. Recognizing this obligation, the Japanese bank instructed its New York agency to make the refunds (except as to items aggregating $3,956.97) and the agency notified plaintiff that it had been so instructed and would follow the instruction upon receipt of a license from the Federal Reserve Bank which had become necessary by reason of the freezing regulations of the Federal Government. Before the license could be procured, war was declared and the Superintendent of Banks took over the assets of the New York agency of the bank.

The complaint asks judgment against the Japanese bank and the superintendent, as liquidator, for all the moneys originally remitted to Japan, with interest from December 2, 1941 (the date of the advice from the New York agency that the refund would be made), and also asks judgment that plaintiff's claim be preferred against the assets of the Japanese bank in the State of New York pursuant to section 606 of the Banking Law. Claim for such preference (except as to an item of $3,701) was duly filed with the superintendent and was rejected.

The present motion is made by plaintiff for summary judgment against the superintendent and he makes a cross motion for summary judgment in his favor and in opposition to plaintiff's motion he also asks that all proceedings on plaintiff's part be stayed until normal communication between the United States and Japan has been resumed. The several motions are consolidated and will be disposed of together.

The facts are not in dispute and summary judgment must be granted to one side or the other unless a stay is granted and prevents a judgment in plaintiff's favor to which it might otherwise be entitled.

The superintendent's application to stay proceedings by plaintiff is based on the ground that if communication with Japan were possible, it might appear that during the period of hostilities between Japan and Iran (of which latter country plaintiff is a national) Japan seized any balances due from the Japanese bank to plaintiff and so any indebtedness due plaintiff may have been discharged by operation of law.

Plaintiff's right to share as a preferred creditor in the assets of the Japanese bank situate in the State of New York became vested on December 8, 1941, when the Superintendent of Banks took over the assets of the bank in this State. War between

Iran and Japan was not declared until March 1, 1945. No authority is offered in support of the motion for a stay and it seems plain that even if such a confiscatory decree of the Japanese Government were established, it would not be allowed to affect the disposition of the assets of the bank within this State (*Bollack* v. *Societe General, etc., en France,* 263 App. Div. 601). The motion for a stay is accordingly denied.

Plaintiff's case is based on the contention that its claim arises out of transactions had by it with the New York agency of the Japanese bank and that its name appears as a creditor upon the books of that agency. These are the grounds of preference prescribed by section 606 of the Banking Law.

The evidence submitted wholly fails to sustain the claim that plaintiff's name appears as a creditor on the books of the agency.

The contention that plaintiff's claim arises out of transactions with the New York agency is disputed on the ground that its transactions with the agency would have given rise to no cause of action against the agency if it had been a separate entity, since the agency fully performed all its obligations to plaintiff. The test of liability as an independent legal entity is prescribed by an amendment of the Banking Law made by chapter 65 of the Laws of 1946, approved February 28, 1946, but the provision is not retroactive and section 606 of the statute in effect at the time of the transactions here in question contained no such provision.

In the case of *Singer* v. *Yokohama Specie Bank* (47 N. Y. S. 2d 881) the court at Special Term held that the separate entity test was properly applicable under the statute as it then stood and proceeded to show that the New York agency would not have been liable if it had been such separate entity. Summary judgment was accordingly granted in favor of defendant Superintendent of Banks. That judgment was reversed by the Court of Appeals (293 N. Y. 542) which thereby necessarily held either that the facts in that case established a liability on the part of the agency regarded as a separate entity or that the transactions between the plaintiff in that case and the agency were sufficient to bring the case within the statute without regard to the separate entity theory. In any event, the facts in the present case are stronger than in the case cited, since in this case the original remittances to Japan were made through the agency while in the *Singer* case (*supra*) the moneys had been deposited by the plaintiff's assignor with the Japanese bank and the only transaction between the agency and plaintiff's

assignor consisted in the giving and receipt of the advice by the agency that it had been instructed to refund the money.

Adapting the language of the Court of Appeals in the *Singer* case (*supra*) to the present controversy, my conclusion is that the course of dealing which culminated in the advice to plaintiff by Yokohama Specie's New York agency, given in accord with instructions from its home office in Japan, was a transaction had by a creditor (plaintiff) of a foreign corporation (Yokohama Specie) with its New York agency, within the provisions of paragraph (a) of subdivision 4 of section 606 of the Banking Law. It follows that plaintiff should have partial summary judgment for $112,205.30 ($116,162.27 minus $3,956.97) and interest on its first cause of action. Since the amount claimed in the second cause of action is included in the first, the motion for summary judgment on the second cause of action is dismissed.

The third cause of action is for $3,701 for which a good cause of action against the Japanese bank is shown but for which no claim was presented to the superintendent. Hence he is entitled to summary judgment on that cause of action (Banking Law, § 620, subd. 2).

The action will be severed and may be continued as against the defendant bank.

Settle order.